# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00239-CV

**Jonathan Barnes, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
### NO. 02-FL-376, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating appellant Jonathan Barnes's parental rights to his two daughters, C.B. and S.B. At the time of trial in January 2004, C.B. was eleven and S.B. was ten. Their mother was killed in a car accident in 1997. The Texas Department of Protective and Regulatory Services removed the children from Barnes's custody in July 2002 after C.B. made an outcry that Barnes had sexually assaulted her. At the time of trial, the children were living with their maternal grandparents, who hoped to adopt them if Barnes's rights were terminated.

Jamie Corley, Barnes's ex-girlfriend, testified that in July of 2002, when C.B. was not yet nine, C.B. told her that shortly after her mother died, Barnes had sex with her several times, giving considerable detail of what had happened and how Barnes had behaved afterwards. Corley confronted Barnes with the allegations, and Barnes got angry and physically assaulted her, throwing her and her young son out of the house. Corley called the police, who began an investigation. C.B.'s

medical examinations did not reveal any injury or trauma, but a doctor testified that many sexually abused children have normal exam results. Several police, medical, and mental health witnesses testified that C.B. repeated her allegations to them. There was testimony that the children's behavior and school performance have improved since they were removed from Barnes's care, and several witnesses testified about inappropriate or dangerous behavior by Barnes, including: taking C.B. to watch him urinate when she was about three years' old, saying, "You need to see what one of these look like"; spanking the children at least once with a belt, leaving large, dark bruises on S.B.'s backside; speeding and driving recklessly with the children in the car; making inappropriate remarks in front of or to the children; refusing to bring the children to a doctor when they complained of burning and itching in their genitals; leaving the children alone at night; and frequently smoking marijuana in the garage while the children were in the house. Barnes refused to answer any questions, asserting his Fifth Amendment rights against self-incrimination. *See* U.S. Const. amend. V. Following a jury trial, the district court signed an order terminating Barnes's parental rights.

Barnes's appointed counsel has filed a brief stating that, after a thorough review of the record, he believes this appeal is frivolous.[1] The brief presents a thorough and professional

---

[1] Counsel styles his brief an "*Anders* brief," referring to a brief filed in accordance with *Anders v. California*, 386 U.S. 738, 741-44 (1967). *Anders* held that an appointed defense attorney in a criminal case who examines the record and determines that an appeal is frivolous and lacks merit must so advise the appellate court and then set forth any possible issues and applicable law that might arguably support the appellant's position. *Id.* This and several other Texas courts have held that *Anders* briefs are appropriate in parental termination cases. *See Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Austin Feb. 17, 2005, no pet. h.) (memo. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003,

evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal. A copy of the brief was delivered to Barnes, who was notified of his right to seek other counsel or file a *pro se* brief. He has done neither. The Department has filed its own brief agreeing that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

We have conducted our own review of the record and we agree with counsel's assessment that the appeal is frivolous. We therefore affirm the trial court's order and grant counsel's motion to withdraw.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 31, 2005

---

no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re A.W.T.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *see also Prewitt v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00648-CV, 2002 Tex. App. LEXIS 7765, at *1-2 (Austin Oct. 31, 2002, no pet.) (not designated for publication) (following *Anders* procedure in termination case); *Behrends v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00614-CV, 2002 Tex. App. LEXIS 4463, at *1-2 (Austin June 21, 2002, no pet.) (not designated for publication) (same).

Although our supreme court has not yet addressed this issue, recent decisions support a conclusion that *Anders* briefs are permissible in termination cases. *See In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (holding that Sixth Amendment right to effective counsel applied in parental termination cases); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (extending *Anders* procedure to juvenile delinquency proceedings because of quasi-criminal nature implicating Sixth Amendment right to counsel). Combining the rationales of *D.A.S.*—that *Anders* applies in non-criminal cases implicating Sixth Amendment rights—and *M.S.*—that the Sixth Amendment applies in termination cases—leads to the conclusion that the *Anders* procedure should extend to the parental termination context.