# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00029-CV

**Fernando Lora Acosta, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-03-0207-CPS, HONORABLE RAE LEIFESTE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fernando Lora Acosta appeals the district court's judgment terminating his parental rights to his four children: A.K., A.K., P.K., and A.A. The Texas Department of Family and Protective Services (the Department) removed the children from Acosta's custody on May 23, 2003, after he left the two youngest children, ages seven and eight, home alone while he went to a local bar. On his way home from the bar, Acosta was arrested for driving while intoxicated. Acosta remained incarcerated for approximately a month after the incident.

At trial, the Department produced uncontroverted evidence that Acosta (1) failed to comply with the district court's order setting forth the actions necessary for him to obtain the return of his children, (2) knowingly endangered the children by leaving them alone on numerous occasions, and (3) engaged in conduct that endangered the physical or emotional well-being of the children by sexually assaulting A.K. and by beating the children on multiple occasions while drunk.

The Department also demonstrated with clear and convincing evidence that terminating Acosta's parental rights was in the best interest of the children.[1] Bernadino Ramirez, Acosta's half-brother, testified that the children were afraid of Acosta when he was drunk.[2] Ramirez testified further that Acosta was not able to take care of himself or his children when he was drinking. Donna Masterson, the counselor who performed Acosta's court-ordered chemical dependency evaluation, testified that he did not appear to be in control of his life or able to effectively parent his children. Masterson recommended that Acosta check into an in-patient treatment program in order to begin dealing with his alcohol dependence. Anthony Rastetter, the Department's case worker for this case, testified that Acosta admitted to him that his drinking increased after his children were removed. In August 2003, Acosta was arrested and charged with felony driving while intoxicated. He was also arrested in November and December 2003 for public intoxication.

In April 2004, Acosta began, and ultimately completed, a twenty-eight day in-patient treatment program. However, in June 2004, Acosta was arrested and charged with aggravated sexual

---

[1] The children's mother, Patricia June King, had not been in contact with either Acosta or the children for at least three years prior to the Department's intervention in this case. Her whereabouts at the time of trial were unknown. Although the Department was unable to contact King directly, it was able to contact her father, James King. Mr. King indicated to the Department that his daughter does contact him from time to time and that he was able to inform her that the Department was seeking to have her parental rights terminated. Ms. King did contact the Department twice, but she did not provide an address or a phone number where she could be reached. The district court found by clear and convincing evidence that Ms. King had constructively abandoned the children for more than six months and that she had made no attempt to provide any support to the children. The district court also found by clear and convincing evidence that terminating Ms. King's parental rights was in the best interest of the children. She has not appealed the district court's order terminating her parental rights.

[2] The Department initially placed the children with Ramirez and his wife Patricia. However, due to financial constraints and Patricia's health, the Ramirezes were unable to permanently care for the children.

assault on a child, indecency with a child with sexual contact, and three counts of injury to a child from reckless neglect. These criminal charges as well as the felony driving while intoxicated charge were still pending at the time Acosta's parental rights were terminated.[3]

Acosta's counsel filed an *Anders* brief stating that, after a thorough review of the record, she determined that this appeal is frivolous.[4] The brief presents a thorough and professional

[3] The record indicates that Acosta was still incarcerated on these charges when his parental rights were terminated.

[4] "Anders brief" refers to a brief filed in accordance with *Anders v. California*, 386 U.S. 738, 741-44 (1967). In *Anders*, the United States Supreme Court held that a court-appointed defense attorney in a criminal case who determines, after fully examining the record, that an appeal is wholly frivolous and without merit must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position. This Court, as well as several of our sister courts of appeals, has acknowledged that *Anders* briefs may be appropriate in parental termination cases. *See Barnes v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00239, 2005 Tex. App. LEXIS 2375 (Tex. App.—Austin March 31, 2005, no pet.) (not designated for publication); *Taylor v. Texas Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *Prewitt v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00648-CV, 2002 Tex. App. LEXIS 7765 (Tex. App.—Austin Oct. 31, 2002, no pet.) (not designated for publication); *Behrends v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00614-CV, 2002 Tex. App. LEXIS 4463 (Tex. App.—Austin June 21, 2002, no pet.) (not designated for publication); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re A.W.T.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.).

Although the Texas Supreme Court has not yet squarely addressed this issue, the rationales of some of its recent decisions suggest that *Anders* briefs are permissible in parental termination cases. In *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), the court held that the Sixth Amendment right to counsel applied in parental termination cases. In *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998), the court extended *Anders* to juvenile delinquency proceedings on the basis that their quasi-criminal nature implicated the Sixth Amendment right to counsel. The rationale of *D.A.S.*—that *Anders* applied to appointed counsel in non-criminal contexts where the Sixth Amendment is implicated—would seemingly also extend to termination cases, as *M.S.* held that the Sixth Amendment applies in those proceedings. *See In re M.S.*, 115 S.W.3d at 544.

evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal. A copy of the brief and the appellate record was delivered to Acosta, who was notified of his right to file a *pro se* brief. He has not done so. The Department has filed its own brief agreeing that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

We have conducted our own review of the record, and we agree with counsel's assessment that the appeal is frivolous and without merit. We therefore affirm the district court's order and grant counsel's motion to withdraw.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: October 13, 2005

4