TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00029-CV






Fernando Lora Acosta, Appellant


v.


Texas Department of Family and Protective Services, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-03-0207-CPS, HONORABLE RAE LEIFESTE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Fernando Lora Acosta appeals the district court's judgment terminating his parental
rights to his four children: A.K., A.K., P.K., and A.A. The Texas Department of Family and
Protective Services (the Department) removed the children from Acosta's custody on May 23, 2003,
after he left the two youngest children, ages seven and eight, home alone while he went to a local bar. 
On his way home from the bar, Acosta was arrested for driving while intoxicated. Acosta remained
incarcerated for approximately a month after the incident.

 At trial, the Department produced uncontroverted evidence that Acosta (1) failed to
comply with the district court's order setting forth the actions necessary for him to obtain the return
of his children, (2) knowingly endangered the children by leaving them alone on numerous
occasions, and (3) engaged in conduct that endangered the physical or emotional well-being of the
children by sexually assaulting A.K. and by beating the children on multiple occasions while drunk. 
The Department also demonstrated with clear and convincing evidence that terminating Acosta's
parental rights was in the best interest of the children. (1) Bernadino Ramirez, Acosta's half-brother,
testified that the children were afraid of Acosta when he was drunk. (2) Ramirez testified further that
Acosta was not able to take care of himself or his children when he was drinking. Donna Masterson,
the counselor who performed Acosta's court-ordered chemical dependency evaluation, testified that
he did not appear to be in control of his life or able to effectively parent his children. Masterson
recommended that Acosta check into an in-patient treatment program in order to begin dealing with
his alcohol dependence. Anthony Rastetter, the Department's case worker for this case, testified that
Acosta admitted to him that his drinking increased after his children were removed. In August 2003,
Acosta was arrested and charged with felony driving while intoxicated. He was also arrested in
November and December 2003 for public intoxication.

 In April 2004, Acosta began, and ultimately completed, a twenty-eight day in-patient
treatment program. However, in June 2004, Acosta was arrested and charged with aggravated sexual
assault on a child, indecency with a child with sexual contact, and three counts of injury to a child
from reckless neglect. These criminal charges as well as the felony driving while intoxicated charge
were still pending at the time Acosta's parental rights were terminated. (3)

 Acosta's counsel filed an Anders brief stating that, after a thorough review of the
record, she determined that this appeal is frivolous. (4) The brief presents a thorough and professional
evaluation of the record discussing and demonstrating why there are no arguable grounds for
reversal. A copy of the brief and the appellate record was delivered to Acosta, who was notified of
his right to file a pro se brief. He has not done so. The Department has filed its own brief agreeing
that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.

 We have conducted our own review of the record, and we agree with counsel's
assessment that the appeal is frivolous and without merit. We therefore affirm the district court's
order and grant counsel's motion to withdraw.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: October 13, 2005

1. The children's mother, Patricia June King, had not been in contact with either Acosta or
the children for at least three years prior to the Department's intervention in this case. Her
whereabouts at the time of trial were unknown. Although the Department was unable to contact
King directly, it was able to contact her father, James King. Mr. King indicated to the Department
that his daughter does contact him from time to time and that he was able to inform her that the
Department was seeking to have her parental rights terminated. Ms. King did contact the
Department twice, but she did not provide an address or a phone number where she could be
reached. The district court found by clear and convincing evidence that Ms. King had constructively
abandoned the children for more than six months and that she had made no attempt to provide any
support to the children. The district court also found by clear and convincing evidence that
terminating Ms. King's parental rights was in the best interest of the children. She has not appealed
the district court's order terminating her parental rights.
2. The Department initially placed the children with Ramirez and his wife Patricia. However,
due to financial constraints and Patricia's health, the Ramirezes were unable to permanently care for
the children.
3. The record indicates that Acosta was still incarcerated on these charges when his parental
rights were terminated.
4. "Anders brief" refers to a brief filed in accordance with Anders v. California, 386 U.S. 738,
741-44 (1967). In Anders, the United States Supreme Court held that a court-appointed defense
attorney in a criminal case who determines, after fully examining the record, that an appeal is wholly
frivolous and without merit must so advise the appellate court and then set forth any potential points
of error and applicable law that might arguably support the appellant's position. This Court, as well
as several of our sister courts of appeals, has acknowledged that Anders briefs may be appropriate
in parental termination cases. See Barnes v. Texas Dep't of Protective & Regulatory Servs., No. 03-04-00239, 2005 Tex. App. LEXIS 2375 (Tex. App.--Austin March 31, 2005, no pet.) (not
designated for publication); Taylor v. Texas Dep't of Protective and Regulatory Servs., 160 S.W.3d
641, 646-47 (Tex. App.--Austin 2005, pet. denied); In re D.E.S., 135 S.W.3d 326, 329 (Tex.
App.--Houston [14th Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st
Dist.] 2003, no pet.); Porter v. Texas Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56
(Tex. App.--Corpus Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex. App.--Fort Worth
2003, no pet.); Prewitt v. Texas Dep't of Protective & Regulatory Servs., No. 03-01-00648-CV, 2002
Tex. App. LEXIS 7765 (Tex. App.--Austin Oct. 31, 2002, no pet.) (not designated for publication);
Behrends v. Texas Dep't of Protective & Regulatory Servs., No. 03-01-00614-CV, 2002 Tex. App.
LEXIS 4463 (Tex. App.--Austin June 21, 2002, no pet.) (not designated for publication); In re
E.L.Y., 69 S.W.3d 838, 841 (Tex. App.--Waco 2002, no pet.); In re A.W.T., 61 S.W.3d 632, 634
(Tex. App.--Tyler 2001, no pet.).


 Although the Texas Supreme Court has not yet squarely addressed this issue, the rationales
of some of its recent decisions suggest that Anders briefs are permissible in parental termination
cases. In In re M.S., 115 S.W.3d 534, 544 (Tex. 2003), the court held that the Sixth Amendment
right to counsel applied in parental termination cases. In In re D.A.S., 973 S.W.2d 296, 299 (Tex.
1998), the court extended Anders to juvenile delinquency proceedings on the basis that their
quasi-criminal nature implicated the Sixth Amendment right to counsel. The rationale of
D.A.S.--that Anders applied to appointed counsel in non-criminal contexts where the Sixth
Amendment is implicated--would seemingly also extend to termination cases, as M.S. held that the
Sixth Amendment applies in those proceedings. See In re M.S., 115 S.W.3d at 544.