**In the Interest of K.D., a Child.**

**No. 10-06-00350-CV.**

Court of Appeals of Texas, Waco.

Oct. 5, 2007.

Phillip A. Weaver, Attorney At Law, Whitney, TX, for Appellant/Relator.

Eric T. Tai, Texas Dept. of CPRS, Austin, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ORDER

PER CURIAM.

Before the Court are (1) a motion by Appellant Fleasha Hurt's appointed counsel to withdraw from representing Hurt following this Court's recent affirmance of a decree terminating Hurt's parental rights and (2) a motion to extend the time for filing a motion for rehearing. *See In re K.D.,* No. 10–06–00350–CV, 2007 WL 2446755 (Tex.App.-Waco Aug.29, 2007, no pet. h.) (mem.op.). We will deny both motions.

An indigent person such as Hurt has a statutory right to appointed counsel and a right to effective representation of counsel in a suit filed by the State for termination of parental rights. *See* TEX. FAM.CODE ANN. § 107.013(a)(1) (Vernon Supp.2006); *In re M.S.,* 115 S.W.3d 534, 544 (Tex.2003); *In re K.K.,* 180 S.W.3d 681, 684 (Tex.App.-Waco 2005, order, no pet.) (per curiam). These rights also apply to a direct appeal. *K.K.,* 180 S.W.3d at 684; *In re E.L.Y.,* 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, order, no pet.) (per curiam); *In re T.V.,* 8 S.W.3d 448, 449–50 (Tex.App.-Waco 1999, order) (per curiam), *disp. on merits,* 27 S.W.3d 622 (Tex.App.-Waco 2000, no pet.).

The right to counsel in parental-rights termination cases is of a different species than that applicable in criminal cases, although courts frequently refer to criminal decisions in defining the scope of this right. *See, e.g., Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 31–32, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640 (1981); *M.S.,* 115 S.W.3d at 544–45 & nn. 32–39; *E.L.Y.,* 69 S.W.3d at 839–42. We do so here to aid in our determination of the scope of the right

to appellate counsel once a court of appeals has rendered an opinion and judgment affirming a termination decree.

 We begin with the proposition that a criminal appellant has no constitutional right to assistance of counsel to pursue discretionary review in the Court of Criminal Appeals after this Court affirms the conviction. *See Ross v. Moffitt*, 417 U.S. 600, 618–19, 94 S.Ct. 2437, 2447–48, 41 L.Ed.2d 341 (1974); *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex.Crim.App.2006). However, "[c]ounsel may not deny the defendant the right or opportunity to avail himself of discretionary review, but counsel need not discuss the merits of such review because a defendant has no right to counsel for discretionary review." *Owens*, 206 S.W.3d at 673 (quoting *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997) (per curiam)).

With this understanding, the Court of Criminal Appeals in Wilson defined the scope of counsel's responsibilities after an intermediate court of appeals affirms a conviction.

> The scope of the duty attached to counsel is governed by the right to which that duty attaches. The right to counsel on an appeal of right, under Art. 26.04, ends with the conclusion of the direct appeal. That means counsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review. But, because there is no right to counsel on discretionary review, the duty of counsel ends there. While it may be wiser to give more complete information to a defendant, it is neither constitutionally nor statutorily required.

*Wilson*, 956 S.W.2d at 27. The Court of Criminal Appeals has recently re-affirmed the scope of counsel's duty in the context of an *Anders*[1] appeal. *See Owens*, 206 S.W.3d at 674.

The review available in the Supreme Court in a parental-rights termination appeal is similar to the discretionary review available in the Court of Criminal Appeals in criminal appeals. *Compare* Tex. Fam. Code Ann. § 109.002 (Vernon 2002), § 263.405 (Vernon Supp.2006); Tex. Gov' t Code Ann. § 22.001 (Vernon 2004); and Tex.R.App. P. 53.1 *with* Tex.Code Crim. Proc. Ann. art. 44.45(b) (Vernon 2006) and Tex.R.App. P. 68.1. However, the respective statutes governing appointment of counsel are quite different.

Section 107.013 of the Family Code provides for the appointment of counsel for an indigent parent "[i]n a suit" filed by the State for termination of parental rights. Tex. Fam.Code Ann. § 107.013(a)(1). Section 107.013 does not place any particular restrictions on the appointment or the length of appointment. Conversely, article 26.04 of the Code of Criminal Procedure provides that appointed counsel shall "represent the defendant until charges are dismissed, the defendant is acquitted, *appeals are exhausted,* or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2006) (emphasis added).

In light of the express language of article 26.04, the Court of Criminal Appeals thus concluded that appointed counsel's representation "ends with the conclusion of the direct appeal." *Wilson*, 956 S.W.2d at 27; *accord Owens*, 206 S.W.3d at 673–74.

 Because there is no statutory limitation on the duration of the representation in a parental-rights termination appeal, we look instead to the trial court's

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

order appointing counsel. Here, the order appointing trial counsel for Hurt provided that the appointment would "remain in effect during the pendency of this suit or until further order of this Court." When trial counsel sought to withdraw for the appointment of appellate counsel, the order permitting the withdrawal and appointing new counsel did not expressly modify the scope or duration of the appointment. Therefore, we presume that the originally stated scope of representation (*i.e.*, "during the pendency of this suit") remained in effect with the appointment of appellate counsel.

Applying this construction to the order appointing Hurt's appellate counsel, we hold that counsel is obligated to continue representing Hurt until "this suit" is concluded, including representation in this Court and in the Supreme Court.

Counsel also requests an extension of time for Hurt to file a motion for rehearing. With regard to a motion for rehearing, counsel states that he:

> does not believe there is a credible basis on which to proceed further either with a request for rehearing in this cause, or for further relief in the Supreme Court of Texas, and has so personally advised the client via a lengthy telephone conversation on September 8, 2007, followed by two confirming letters via U.S. mail.

This is in essence a contention that there is no arguable basis for seeking rehearing in this Court or review in the Supreme Court (*i.e.*, an *Anders* contention). *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also E.L.Y.*, 69 S.W.3d at 841.

■ We hold that the motion-for-rehearing phase of a direct appeal is not the proper stage for raising an *Anders* contention. If counsel truly believed that Hurt's appeal presented no arguable grounds for reversal, then counsel could have filed an *Anders* brief. *See E.L.Y.*, 69 S.W.3d at 841.

Nevertheless, if counsel believes there are no arguable grounds for review in the Supreme Court, counsel should file appropriate motions [2] with the Supreme Court urging this position. Otherwise, counsel should file a petition for review as directed by Hurt. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(1) ("a lawyer shall abide by a client's decisions ... concerning the objectives and general methods of representation"), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A. (Vernon 2005) (TEX. STATE BAR R. art. X, § 9).

For the foregoing reasons, we deny counsel's motion to withdraw and the motion for an extension of time to file a motion for rehearing.[3]

---

**2.** Arguably, such motions may include a motion for an extension of time to file the petition for review and an *Anders*-style motion to withdraw accompanied by a supporting brief. *Cf. In re E.L.Y.*, 69 S.W.3d 838, 839–40 (Tex. App.-Waco 2002, order, no pet.).

**3.** We also note that, based on the date of this Court's judgment affirming the termination decree, any petition for review must be filed with the Supreme Court on or before Monday, October 15, 2007 and any extension must be filed on or before Tuesday, October 30, 2007. *See* TEX.R.APP. P. 53.7(a)(1), (f).