IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00045-CR

 

Gerald Wayne Smith,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 1998-129-C2

 



ORDER



 








            Before the Court is appointed
counsel’s motion to withdraw, accompanied by an Anders brief.  This
Court affirmed Smith’s conviction by opinion dated January 20, 2010.  Counsel
sent Smith a copy of the opinion by certified mail, return receipt requested,
also advising Smith of his right to file a petition for discretionary review. 
The Court of Criminal Appeals has granted an extension of time to file a
petition for discretionary review, though it is unclear whether the extension
request was filed by counsel or by Smith pro se.  Because counsel has
fulfilled his constitutional and statutory duties, his representation has
already ended, and we will dismiss the motion to withdraw as moot.

            The Court of Criminal
Appeals has clearly defined the scope of appointed counsel’s responsibilities
after an intermediate court of appeals affirms a conviction.  See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); In re K.D., 235
S.W.3d 452, 454 (Tex. App.—Waco 2007, order) (per curiam).

            The scope of the duty
attached to counsel is governed by the right to which that duty attaches.  The
right to counsel on an appeal of right, under Art. 26.04, ends with the
conclusion of the direct appeal.  That means counsel on appeal must inform a
defendant of the result of the direct appeal and the availability of discretionary
review.  But, because there is no right to counsel on discretionary review, the
duty of counsel ends there.  While it may be wiser to give more complete
information to a defendant, it is neither constitutionally nor statutorily
required.

 

Wilson, 956 S.W.2d at 27; accord Ex parte Owens, 206
S.W.3d 670, 673-74 (Tex. Crim. App. 2006).

            Counsel’s duty to Smith
ended when he sent Smith a copy of the opinion affirming his conviction and
advised him of the availability of discretionary review.  Thus, we dismiss
counsel’s motion to withdraw as moot.

PER CURIAM

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Motion
dismissed as moot

Order issued
and filed March 31, 2010

Do not publish

[CR25]






jury is provided with this information can
there be a fair evaluation of how gang membership reflects on the gang-member's character. 
Beasley v. State, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995).
      In this case, witness Kelly Willis, a probation officer, testified that in 1994 Appellant
identified himself to her as a gang member. Appellant stipulated that he had two tattoos: (1) "A-g-g Land 5" and the number "5/2"; and (2) "5" followed by an "X" followed by the numeral "2." 
Witness Officer Young testified that these are "Crips" gang-member tattoos and that the Fort
Worth Police Department records show that Appellant is a "Crips" gang member. Appellant
himself testified that he had been a "Crips" gang member but that he had disassociated himself
with the "Crips" gang at the end of 1995 or early in 1996 when his son was born.
      The State offered Officer Young's testimony as a gang-member expert. His testimony was
that Appellant had "Crips" tattoos; that the "Crips" gang was engaged in crime and violence; that
the "Five Deuce Crips" had a bad reputation in the community; and that Appellant was listed as
a gang member in the Tarrant County Police Intelligence file.
      The State did produce evidence at the punishment phase that Appellant was an actual gang
member. The State further produced evidence as to the activities of gang members in general and
the activities of the "Crips" gang in particular. This evidence was all admissible under the
authority of Ybarra, Anderson, and Beasley, supra.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 1, 1998
Do not publish