TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00052-CV






William Joseph Rader and Michelle Lea Klotz, Appellants


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-08-0049-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING




O R D E R



 Appointed counsel for appellant Michelle Lea Klotz has filed an agreed motion to
withdraw as counsel. The motion complies with Texas Rule of Appellate Procedure 6.5. See Tex.
R. App. P. 6.5 (providing requirements for motion to withdraw). The motion also includes a signed
statement from Klotz, indicating that she is not opposed to counsel's motion to withdraw. 

 This Court issued an opinion affirming the termination of Klotz's parental rights on
June 15, 2011. See Rader v. Texas Dep't of Family & Prot. Servs., No. 03-10-00052-CV, 2011 Tex.
App. LEXIS 4594 (Tex. App.--Austin June 15, 2011, no pet. h.) (mem. op.). In the motion to
withdraw, Klotz's counsel states that he can find no meritorious ground upon which to further the
appeal, but that Klotz has indicated to him that she does not wish to "give up."

 The law is settled that a criminal defendant is generally not entitled to appointed
counsel after the conclusion of the direct appeal in the intermediate appellate court. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). The scope of the right to appellate
counsel in termination proceedings is less clear. The only court that appears to have addressed the
issue is the Waco Court of Appeals in In re K.D., 235 S.W.3d 452 (Tex. App.--Waco 2007, order). 
In that case, the court concluded that the scope of appointed representation on appeal was dictated
by the trial court's order appointing counsel. Id. at 454-55. Because the trial court's order
appointed counsel for "the pendency of this suit," the court held that the appointed attorney
was obligated to proceed through the filing of a petition for discretionary review in the supreme
court. Id.

 In the present case, the trial court's order appointed counsel to represent Klotz "in
connection with her appeal." This language is similar to the language in article 26.04 of the code
of criminal procedure, which states that appointed counsel must represent a criminal defendant until
"appeals are exhausted." Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010). The
language of article 26.04 has not been interpreted to require appointed counsel to represent the
defendant in proceedings before the court of criminal appeals. See Wilson, 956 S.W.2d at 27. 
Similarly, we do not interpret the language of the trial court's order in this case to require Klotz's
counsel to continue to represent her beyond a direct appeal to this Court. Accordingly, we grant
counsel's motion to withdraw. See Tex. R. App. P. 6.5. If Klotz wishes to file a petition for
discretionary review, she may do so pro se. 

 It is ordered July 8, 2011. 


___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin