

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00381-CV

IN THE INTEREST OF T.M., A CHILD,

_____

From the 74th District Court
McLennan County, Texas
Trial Court No. 2011-3291-3

MEMORANDUM OPINION

This is an accelerated appeal from a parental-rights termination proceeding. *See* TEX. FAM. CODE ANN. § 109.002 (West Supp. 2012). The trial court terminated appellant D.B.'s parental rights to his child, T.M. Appellant subsequently filed a motion for new trial with the trial court, challenging the sufficiency of the evidence regarding the two statutory grounds upon which the termination was based.[1] *See id.* § 161.001(1)(D)-(E) (West Supp. 2012). Appellant's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed. We affirm.

---

[1] The jury concluded that appellant: (1) failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of T.M.; and (2) constructively abandoned T.M. for not less than six months. *See* TEX. FAM. CODE ANN. § 161.001(1)(N)-(O) (West Supp. 2012).

## I.   COMPLIANCE WITH *ANDERS*

Appellant's court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, in which he states that "[a] careful review of the appellate record reveals no issues of arguable merit." *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals).   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment.  In addition, counsel has provided this Court with the transmittal letter sent to appellant explaining the *Anders* process. Counsel has also advised appellant of his right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.).  Having reviewed the record and counsel's brief, we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and review the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.[2]  Within five days of the

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by this Court or the Texas Supreme Court, he must either retain an attorney to file a motion for rehearing or a petition for review or file a pro se motion for rehearing or a petition for review.  Any motion for rehearing must be filed within fifteen days of this opinion.  Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all

date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of her right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## IV.    CONCLUSION

The judgment of the trial court is affirmed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed January 17, 2013
[CV06]

---

timely-filed motions for rehearing or en banc reconsideration. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. *See id.* at R. 53.2.