

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00421-CV

## IN THE INTEREST OF G.H., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2011-2943-3**

## MEMORANDUM OPINION

James H. appeals from a judgment that terminated the parent-child relationship between him and his child, G.H. TEX. FAM. CODE ANN. § 161.001 (West 2008). In presenting this appeal, appointed counsel has filed an *Anders* brief in support of his motion to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). We grant counsel's motion and affirm.

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin

2005, pet. denied). In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to James and (2) notifying him of his right to file a *pro se* response if he desired to do so. *Id*. James has filed a *pro se* response to the *Anders* brief.

> The order of termination recites that James:
>
> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered her physical or emotional well-being;
>
> engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered her physical or emotional well-being; and
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

TEX. FAM. CODE ANN. § 161.001(1)(D), (E) & (O) (West Supp. 2012).

Appellate counsel for James was appointed at the time of the final hearing. No motion for new trial was filed.

By the *Anders* brief, counsel evaluates potential issues on all three grounds supporting termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). He then analyzes the evidence to support the termination order under section 161.001(1)(O) and the best interest of the children and concludes there is no arguable error. Additionally counsel has specifically evaluated the effectiveness of trial counsel. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

*Standard of Review in Termination Cases*

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the

best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West 2008); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

### *§ 161.001(1)(O)*

Parental rights may be terminated if a parent fails to comply with a court order that specifically establishes the actions necessary for the parent to obtain the return of a child who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal under Chapter 262 of the Family Code for the abuse or neglect of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2008); *In re J.F.C.*, 96 S.W.3d at 278-79. We agree with counsel's evaluation that there is clear and convincing evidence to support termination under section 161.001(1)(O). Further, because only one statutory ground is necessary to support an order of termination, we need not evaluated the evidence as it pertains to the other grounds for termination alleged, subsections (D) and (E).

### *§ 161.001(2) Best Interest*

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for

a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluations that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the parent-child relationship was in G.H.'s best interest.

*Ineffective Assistance of Counsel*

James's appellate counsel has also addressed whether trial counsel for James was ineffective and has concluded that he was not. James complained about his trial counsel at a pre-trial hearing but agreed to allow his trial counsel to continue representation of him. At the trial, at the conclusion of his presentation of evidence, James asked to address the trial court. At a hearing outside the presence of the jury James complained that his trial counsel had not called certain witnesses who were available to testify. However, after consulting with his trial counsel privately, James affirmatively stated on the record that he was sorry for his outburst, wished for his trial counsel to continue, and was satisfied with his representation to that point. Although no motion for new trial was filed, James's appellate counsel filed his *Anders* brief with this Court on the same day as the deadline for filing a motion for new trial. James's appellate counsel had already reviewed the record prior to the deadline to file a motion for new trial and concluded that an ineffective assistance claim against James's trial counsel was also frivolous. Having reviewed the entire record, appellate counsel's

brief, and James's *pro se* brief, we agree that an ineffective assistance claim would be frivolous.

*Summary*

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record, counsel's brief, and James's *pro se* brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

*Motion to Withdraw*

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d 403, 407 n.17 (Tex. Crim. App. 2008). We grant counsel's motion to withdraw.[1] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to James and to advise him of his right to pursue a petition for review in the

---

[1] No substitute counsel will be appointed. Should James wish to seek further review of this case by this Court or the Texas Supreme Court, he must either retain an attorney to file a motion for rehearing or a petition for review or file a pro se motion for rehearing or a petition for review. Any motion for rehearing must be filed within fifteen days of this opinion. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. TEX. R. APP. P. 53.2.

Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*Conclusion*

The motion to withdraw is granted and the judgment of the trial court is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed and Motion Granted
Opinion delivered and filed April 18, 2013
[CV06]