

# IN THE
# TENTH COURT OF APPEALS
_____

## No. 10-14-00193-CV
_____

## IN THE INTEREST OF X.H. AND M.M.G., CHILDREN
_____

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2013-1745-3**

## O P I N I O N

Luann appeals from a judgment that terminated the parent-child relationship between her and her children, X.H. and M.M.G. *See* TEX. FAM. CODE ANN. § 161.001 (West 2008). In presenting this appeal, appointed counsel has filed an *Anders* brief in support of his motion to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). We grant counsel's motion and affirm.

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin 2005, pet. denied). In support of his motion to withdraw, counsel certifies he has

conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to Luann and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* Luann has not filed a *pro se* response to the *Anders* brief.

The order of termination recites that Luann:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children;

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; and

failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

TEX. FAM. CODE ANN. § 161.001(1)(D), (E) & (O) (West 2008).

Appellate counsel was appointed for Luann. A motion for new trial was filed by appellate counsel, but there is nothing in the record to indicate that a hearing was requested or held on the motion.

By the *Anders* brief, counsel evaluates potential issues on all three grounds supporting termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). He then analyzes the evidence to support the termination order under section 161.001(1)(O) and the best interest of the children and concludes there is no arguable error. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

## STANDARD OF REVIEW IN TERMINATION CASES

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West 2008); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

**FAILURE TO COMPLY WITH COURT ORDER**

Parental rights may be terminated if a parent fails to comply with a court order that specifically establishes the actions necessary for the parent to obtain the return of a child who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal under Chapter 262 of the Family Code for the abuse or neglect of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2008); *In re J.F.C.*, 96 S.W.3d at 278-79. We agree with counsel's evaluation that there is clear and convincing evidence to support termination under section 161.001(1)(O). Further, because only one statutory ground is necessary to support an order of termination, we need not evaluate the evidence as it pertains to the other grounds for termination alleged, subsections (D) and (E).

**BEST INTEREST OF THE CHILDREN**

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2) (West 2008). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluations that there is clear and convincing evidence

under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the parent-child relationship was in the best interest of X.H. and M.M.G.

SUMMARY

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d 403, 407 n.17 (Tex. Crim. App. 2008). We grant counsel's motion to withdraw.[1] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and

---

[1] No substitute counsel will be appointed. Should Luann wish to seek further review of this case by this Court or the Texas Supreme Court, she must either retain an attorney to file a motion for rehearing or a petition for review or file a *pro se* motion for rehearing or a petition for review. Any motion for rehearing must be filed within fifteen days of this opinion. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. TEX. R. APP. P. 53.2.

judgment to Luann and to advise her of her right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

**CONCLUSION**

The motion to withdraw is granted and the judgment of the trial court is affirmed.[2]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Motion granted
Opinion delivered and filed October 2, 2014
[CV06]



---

[2] In this proceeding the appellant was determined to be indigent and allowed to proceed without the advance payment of cost. *See* TEX. R. APP. P. 20.1. The ability to proceed without the advance payment of cost does not, however, mean that the costs are not owed by an unsuccessful appellant. *See In re McGowan*, No. 10-10-00208-CV, 2010 Tex. App. LEXIS 5046 (Tex. App.—Waco June 30, 2010, orig. proceeding) (mem. op.). Because we have affirmed the judgment of the trial court, and thus ruled against the appellant in this appeal, the judgment of the Court will award the appellee the appellate cost paid by the appellee, if any, and all unpaid cost of the appeal will be taxed against the appellant. The Clerk of this Court is hereby ordered to write off all unpaid filing fees for this proceeding from the accounts receivable of the Court. The write off, however, in no way eliminates or reduces the fees owed by the appellant pursuant to the Court's judgment.