

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-14-00299-CV**

**IN THE INTEREST OF K.L.P. AND H.D.P., CHILDREN**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 27,506**

## MEMORANDUM OPINION

Crystal P. appeals from a judgment that terminated the parent-child relationship between her and her children, K.L.P., and H.D.P. In presenting this appeal, counsel has filed an *Anders* brief in support of his motion to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We grant counsel's motion and affirm.

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin 2005, pet. denied). In support of his motion to withdraw, counsel certifies he has

conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to Crystal and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* Crystal filed a *pro se* response to the *Anders* brief.

> The order of termination recites that Crystal:
>
> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children pursuant to § 161.001 (1) (D), Texas Family Code;
>
> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, pursuant to § 161.001 (1) (E), Texas Family Code;
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children, pursuant to § 161.001 (1) (O), Texas Family Code;
>
> used a controlled substance as determined by Chapter 481, Health and Safety Code, in a manner that endangered the health and safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance, pursuant to § 161.001 (1) (P), Texas Family Code;

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O), and (P) (West 2014).

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the children. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination.

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of

the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluations that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the parent-child relationship was in the best interest of K.L.P. and H.D.P.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record, and counsel's brief, and Crystal's pro se brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Motion to Withdraw

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman,* 252 S.W.3d 403, 407 n.17 (Tex.

Crim. App. 2008).  We grant counsel's motion to withdraw.[1]  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Crystal and to advise her of her right to pursue a petition for review in the Texas Supreme Court.  *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed and motion granted
Opinion delivered and filed April 16, 2015
[CV06]



---

[1] No substitute counsel will be appointed.  Should Crystal wish to seek further review of this case by this Court or the Texas Supreme Court, she must either retain an attorney to file a motion for rehearing or a petition for review or file a pro se motion for rehearing or a petition for review.  Any motion for rehearing must be filed within fifteen days of this opinion.  Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing.  *See* TEX. R. APP. P. 53.7(a).  Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2.  TEX. R. APP. P. 53.2.