

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00417-CV

## IN THE INTEREST OF E.J., J.J., V.J., AND C.J.., CHILDREN

**From the 85th District Court
Brazos County, Texas
Trial Court No. 15-000408-CV-85**

## MEMORANDUM OPINION

Jennifer and Jason J. appeal from an order that terminated the parent-child relationship between them and their children, E.J., J.J., V.J., and C.J. *See* TEX. FAM. CODE ANN. § 161.001 (West 2014).

Jennifer and Jason's appointed counsel has filed a motion to withdraw and an *Anders* brief asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised Jennifer and Jason that counsel had filed the brief pursuant to *Anders* and that Jennifer and Jason had

the right to review the record and file a pro se response on their own behalf. Counsel also provided Jennifer and Jason with a copy of the record. Jennifer and Jason did file a response with this Court.[1]

Counsel asserts in the *Anders* brief that counsel reviewed the trial court's jurisdiction and the record for any potentially meritorious issues, and determined there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812-813 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of the *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also In re G.P.*, 535 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, as well as Jennifer and Jason's responses and the Department's responses, we have determined that

---

[1] By their own admission, the arguments advanced in Jennifer and Jason's responses are largely outside the record that was before the trial court. This Court will not consider matters outside of the record in our analysis pursuant to *Anders*. Our review of the record and analysis pursuant to *Anders* did include the entirety of the clerk's and reporter's records filed with this Court.

the appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's order of termination.

Counsel has filed a motion to withdraw as has historically been required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In the Interest of P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, *7-8 (Tex. Apr. 1, 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in his motion to withdraw. We will deny the motion to withdraw. Consequently, if Jennifer and Jason desire to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

**CONCLUSION**

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court. We deny counsel's motion to withdraw.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed; Motion to withdraw denied
Opinion delivered and filed July 19, 2017
[CV06]

