69 S.W.3d 838 (2002)
In the Interest of E.L.Y., A Child.
No. 10-01-180-CV.
Court of Appeals of Texas, Waco.
March 27, 2002.
*839 Jose R. Villanueva, Attorney At Law, Coolidge, for appellant.
R. Neal McDonald, Farfield County Atty., Robert W. Gage, Fairfield Asst. County Atty., Steven A. Neal, Attorney At Law, ad Litem, Fairfield, for appellee.
Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

ORDER
PER CURIAM.
A jury recommended that Roxanne Yovanovitch's parental rights be terminated with respect to her two-year-old daughter E.L.Y. The court rendered judgment in accordance with the verdict, and Yovanovitch appealed.
Yovanovitch's counsel has tendered a document entitled a "Memorandum Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Motion to Withdraw as Attorney on Appeal." This Court has never addressed the issue of whether our Anders procedures for frivolous appeals should apply in an appeal from a decree of involuntary termination of parental rights. We conclude that these procedures do apply. However, counsel's "memorandum" does not satisfy his obligations under Anders. Accordingly, we will direct counsel to file a proper Anders brief.

Anders v. California
In Anders, the Supreme Court established a procedure to be followed by court-appointed counsel "if counsel finds [the client's] case to be wholly frivolous." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967). As more-recently explained by the Court, "the Anders procedure is ... `a prophylactic framework' that we established to vindicate the constitutional right to appellate counsel." Smith v. Robbins, 528 U.S. 259, 273, 120 S.Ct. 746, 757, 145 L.Ed.2d 756, 772 (2000) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545 (1987)).
*840 Under this Court's Anders decisions, counsel must file a "brief containing a `professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.'" In re J.A.H., 986 S.W.2d 39, 40 (Tex.App.-Waco 1998, order), disp. on merits, 996 S.W.2d 933 (Tex.App.-Waco 1999, no pet.) (quoting Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, order, pet. ref'd)).
[T]his court will not accept [Anders] briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.
Johnson, 885 S.W.2d at 646 (quoting High v. State, 573 S.W.2d 807, 813 (Tex.Crim. App. [Panel Op.] 1978)); accord Stafford v. State, 813 S.W.2d 503, 510 n. 3 (Tex.Crim. App.1991); see also Tex.R.App. P. 38.1.
In sum, an Anders brief must comply with the requirements of the Rules of Appellate Procedure for an appellant's brief. See Tex.R.App. P. 38.1. However, we have noted two variants from the appellate rules, both of which exist because counsel has concluded that there is no basis on which to reverse the judgment. First, rather than presenting "points of error" or "issues," counsel must identify any issues "which might arguably support an appeal or require reversal." Wilson v. State, 955 S.W.2d 693, 698 (Tex.App.-Waco 1997, order), disp. on merits, 3 S.W.3d 223 (Tex.App.-Waco 1999, pet. ref'd) (quoting Mays v. State, 904 S.W.2d 920, 926-27 (Tex.App.-Fort Worth 1995, no pet.)); accord Sowels v. State, 45 S.W.3d 690, 692 (Tex.App.-Waco 2001, no pet.). Although the designation is not critical, we have variously referred to such issues as "potential issues" and "potential sources of error." See, e.g., Coronado v. State, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, order), disp. on merits, 25 S.W.3d 806 (Tex. App.-Waco 2000, pet. ref'd); Wilson, 955 S.W.2d at 698. And second, counsel should not pray for reversal of the judgment in an Anders brief. See Johnson, 885 S.W.2d at 646.
Counsel's Anders brief "should be accompanied by a `Notice of Filing of Anders Brief'" to "facilitate identification and processing of the matter by the clerk's office as a possible Anders case." Sowels, 45 S.W.3d at 693.
In addition, counsel must present this Court with "an adequate basis to determine that counsel has provided a copy of the Anders brief to the appellant and fully informed the appellant of the right to review the appellate record and to file a brief or other response." Sowels, 45 S.W.3d at 693. Counsel may satisfy this requirement by providing a copy of correspondence counsel has sent to the appellant explaining these matters or by filing "a separate certification confirming compliance with each of the requirements." Id. at 693-94.

Right to Counsel in Termination Appeals
"The liberty interest ... of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56 (2000); accord M.L.B. v. S.L.J., 519 U.S. 102, 119, 117 S.Ct. 555, 565, 136 L.Ed.2d 473, 489 (1996); In re B.L.D., 56 S.W.3d 203, 210 (Tex.App.-Waco 2001, pet. filed); In re J.M.S., 43 S.W.3d 60, 63 (Tex.App.-Houston [1st Dist.] 2001, *841 no pet.). Therefore, proceedings to terminate parental rights must comply with the Due Process Clause of the Fourteenth Amendment. See Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599, 606 (1982); B.L.D., 56 S.W.3d at 210; J.M.S., 43 S.W.3d at 63; accord In re J.W.T., 872 S.W.2d 189, 194-95 (Tex. 1994).
Nevertheless, the Supreme Court of the United States has determined that due process does not grant an absolute right to court-appointed counsel for an indigent parent in a termination proceeding. See Lassiter v. Department of Soc. Servs., 452 U.S. 18, 31-32, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640, 652 (1981). Rather, due process requires appointment of counsel "when warranted by the character and difficulty of the case." M.L.B., 519 U.S. at 117, 117 S.Ct. at 564, 136 L.Ed.2d at 488. Whether due process requires the appointment of counsel in a particular case must "be answered in the first instance by the trial court, subject, of course, to appellate review." Lassiter, 452 U.S. at 32, 101 S.Ct. at 2162, 68 L.Ed.2d at 652.
Although due process does not demand that counsel be appointed in every termination case involving indigent parents, the Texas Legislature has mandated that counsel be appointed in such cases. See Tex. Fam.Code. Ann. § 107.013(a)(1) (Vernon Supp.2002). This Court has concluded that section 107.013 requires the appointment of appellate counsel even though the statute does not expressly so provide. See In re T.V., 8 S.W.3d 448, 449-50 (Tex. App.-Waco 1999, order), disp. on merits, 27 S.W.3d 622 (Tex.App.-Waco 2000, no pet.).
"[W]hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitutionand, in particular, in accord with the Due Process Clause." Evitts v. Lucey, 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821, 833 (1985). Thus, we have concluded that due process requires counsel appointed under section 107.013 to render effective assistance in the representation. B.L.D., 56 S.W.3d at 211; accord J.M.S., 43 S.W.3d at 63.
Accordingly, we hold that our Anders procedures will apply in an appeal from a decree terminating parental rights in which an indigent parent has court-appointed counsel who believes that the appeal presents no issues "which might arguably support an appeal." See Sowels, 45 S.W.3d at 692-94 (outlining this Court's procedures for Anders cases); see also In re A.W.T., 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet. h.) (per curiam) (applying Anders to termination appeal); In re K.S.M., 61 S.W.3d 632, 634 (Tex. App.-Tyler 2001, no pet. h.) (same); cf. McCoy v. Court of Appeals, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440, 454 (1988) (Anders procedures "designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability").

Motion to Withdraw
The procedures enunciated in Anders required that counsel file a motion to withdraw with the appellate court concurrently with the Anders brief. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498; Johnson, 885 S.W.2d at 645-46. We continued this practice until March 2001 when we concluded that such motions must be filed with the trial court. See Sowels, 45 S.W.3d at 692-93 (citing Enriquez v. State, 999 S.W.2d 906, 907-08 (Tex.App.-Waco 1999, order, no pet.)).
*842 In Enriquez, this Court determined that a trial court retains jurisdiction during the pendency of an appeal to consider and rule on a motion to withdraw filed by court-appointed counsel in a criminal case. See Enriquez, 999 S.W.2d at 908. We noted two reasons for this conclusion: (1) the plain language of article 26.04 of the Code of Criminal Procedure contemplates that the trial court continues to have authority over appointed counsel during the pendency of an appeal;[1]see Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2002); and (2) because court-appointed attorneys are paid from county funds, decisions regarding the appointment and substitution of court-appointed appellate counsel should be made at the local level. See Enriquez, 999 S.W.2d at 908.
The first reason has no application to the appointment of counsel under section 107.013 of the Family Code. However, like court-appointed counsel in criminal cases, the Family Code directs that court-appointed counsel in termination cases be paid "from the general funds of the county." Compare Tex. Fam.Code. Ann. § 107.015(c) (Vernon Supp.2002) with Tex. Code Crim. Proc. Ann. art. 26.05(f) (Vernon Supp.2002).
Accordingly, because court-appointed counsel in termination cases are paid from county funds and because of this Court's desire to promote uniformity in our Anders procedures, we hold that a court-appointed attorney in a termination case who concludes after careful review of the record that the appeal is "wholly frivolous" must file any motion to withdraw with the trial court. See Sowels, 45 S.W.3d at 692.

Conclusion
The Anders procedures followed by this Court in criminal appeals apply to termination appeals. These procedures require counsel to file an Anders "brief" which complies with Rule of Appellate Procedure 38.1 except as otherwise noted. This brief should be accompanied by a "Notice of Filing of Anders Brief" and must be accompanied by documentation providing "an adequate basis to determine that counsel has provided a copy of the Anders brief to the appellant and fully informed the appellant of the right to review the appellate record and to file a brief or other response." Sowels, 45 S.W.3d at 693. Any motion to withdraw must be filed with the trial court.
Counsel's Anders "memorandum" does not satisfy the requirements of Rule 38.1. This is an accelerated appeal under section 263.405 of the Family Code. See Tex. Fam.Code. Ann. § 263.405(a) (Vernon Supp.2002). Accordingly, counsel is directed to file a brief which complies with Rule 38.1 within thirty days after the date of this Order. Counsel shall within that same time period provide adequate documentation that counsel has advised Yovanovitch of her rights in this regard. No further extensions will be granted.
Justice GRAY dissenting.
TOM GRAY, Justice, dissenting.
The rigors and expense of Anders and its progeny are for the appointment of counsel in criminal trials guaranteed by the Sixth Amendment and applied to the states through the Fourteenth Amendment. The federally recognized right to counsel in a termination of parental rights *843 case is based only on the due process requirement of the Fourteenth Amendment. While the Sixth Amendment right to counsel applies to every critical stage of trial in any criminal proceeding in which incarceration is a possibility, the Fourteenth Amendment does not require the appointment of counsel in every proceeding in connection with the termination of parental rights. Because the rights being protected are different, and the basis of the protection is also different, a different analysis of what procedure is necessary to protect those rights should be made.
When the judiciary compels the use of a particular procedure, it should be the minimum procedure necessary to protect the interest. We do not have the right to require the expenditure of taxpayer funds from county coffers to give elevated protections that we may like to have imposed, but are not required, to meet minimum due process requirements. We should not blindly adopt the same procedure, which the Supreme Court of the United States has determined is only a prophylactic framework in criminal cases, to be the only procedure acceptable in termination of parental rights cases.
The problem in both types of cases is what should appointed counsel do when they have determined that there is no issue of arguable merit on which to base an appeal. Confronted with this question, the attorney is faced with the ethical issue that the litigant has no right to require the attorney to pursue a frivolous appeal which wastes judicial resources. I have contended that this court's interpretation of Anders and its progeny requires more than is constitutionally required for criminal cases. For the same reason, and for the additional reason that this is not a criminal proceeding and therefore a different set of procedures may afford the required minimum constitutional protections, before I impose such stringent requirements, I would abate this cause for full briefing of the issue of what procedure should be adopted to protect the parent's interest and expressly invite amicus briefs on the issue. Because the majority adopts excessive, and therefore unnecessarily costly, protections of this interest, I respectfully dissent.
NOTES
[1] Unlike criminal appeals in which the trial court's jurisdiction is generally suspended after the appellate record is filed, the filing of a civil appeal does not suspend the trial court's authority to act. See Tex.R.App. P. 25.1(g), 25.2(e).