COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-349-CV
 
IN THE INTEREST OF K.M., K.M., AND K.M.
 
------------
FROM THE 323
RD DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
I. Introduction
In this case, we must decide whether the
procedures set forth in Anders v. California(1)
apply to appeals in parental rights termination cases when counsel is appointed.
We hold that the Anders procedures do apply, and accordingly, we abate
this case and remand it to the trial court for a hearing to determine whether
all available steps have been taken to inform Appellant Christina Fields of her
counsel's conclusion that her appeal is without merit and of her right to review
the record and file a pro se brief.
II. Factual and Procedural
Background
The trial court, after entering an order
terminating Christina's rights to her three children, signed an order appointing
counsel to represent Christina on appeal. Christina's court-appointed appellate
counsel filed with this court a motion to withdraw as counsel and an Anders
brief in support of the motion, averring that in her professional opinion
Christina's appeal is frivolous. The State filed a letter brief noting its
"emphatic agreement" with Christina's counsel's position that an Anders
brief may be filed in a termination of parental rights appeal.
III. Anders
Procedures Apply to Termination of Parental Rights Cases
In Anders, the United States
Supreme Court recognized the competing duties faced by appointed appellate
counsel who concludes his client's appeal is frivolous. Id. at 744, 87
S. Ct. at 1400. On one hand, counsel has a duty to zealously pursue the rights
and interests of his or her client. See id. Appellate counsel cannot
advance her client's rights and interests without asserting specific grounds for
reversal. McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 436,
108 S. Ct. 1895, 1900 (1988). On the other hand, however, counsel has a duty and
a professional obligation to the appellate court not to pursue an appeal counsel
has determined is frivolous. Id. at 436, 108 S. Ct. at 1901; see
also Anders, 386 U.S. at 744, 87 S. Ct. at 1400. When counsel concludes an
appeal would be frivolous, counsel has a duty to withdraw from the appeal. See
Tex. Disciplinary R. Prof'l Conduct 3.01, reprinted in Tex. Gov't Code
Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9)
(stating that a lawyer shall not bring or defend a frivolous proceeding or
assert a frivolous issue); Tex. Disciplinary R. Prof'l Conduct 1.15 (providing
that a lawyer shall withdraw from representation of a client if the
representation will result in violation of the applicable rules of professional
conduct); Tex. R. App. P. 45 (permitting the appellate court to assess damages
if it finds an appeal frivolous). This same duty applies whether counsel is
appointed or retained. McCoy, 486 U.S. at 437, 108 S. Ct. at 1901.
Appointed counsel's dilemma, however, is that she cannot withdraw without leave
of court, and advising the court of her opinion that her client's appeal is
frivolous conflicts with her duty to her client. Id.
Anders resolved this dilemma. 386
U.S. at 744, 87 S. Ct. at 1400. Anders requires appointed counsel to
inform the court of her conclusion that the appeal is frivolous, to file a brief
demonstrating a thorough search of the record for any arguable claims that might
support the client's appeal, and to file a motion to withdraw from the
representation. Id. These requirements insure that indigent defendants
have the same benefit wealthy defendants are able to acquire by purchase - a
diligent and thorough review of the record and an identification of any arguable
issues revealed by that review. McCoy, 486 U.S. at 438, 108 S. Ct. at
1902. Thus, Anders ensures that indigent defendants receive
substantially the same treatment as nonindigent defendants. See 386
U.S. at 745, 87 S. Ct. at 1400; see also In re D.A.S., 973 S.W.2d 296,
297 (Tex. 1998).
The principles behind Anders seem
equally applicable to other types of appeals where appointment of counsel is
mandated by statute. See D.A.S., 973 S.W.2d at 299 (applying Anders
procedures to juvenile appeals when appointment of counsel is mandated by
statute). The Texas Supreme Court in D.A.S. recognized that because
juveniles challenging their delinquency adjudications are statutorily entitled
to the assistance of counsel on appeal, the Anders procedures apply. Id.
The court reasoned: "By extending the Anders procedure to juvenile
appeals, we effectuate this legislative mandate and protect juveniles' statutory
right to counsel on appeal." Id. at 298.
Family code section 263.405(e) requires
the trial court to appoint appellate counsel to an indigent parent when the
Texas Department of Human Services has terminated the parent's rights to his or
her child. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2002). Thus, the
legislature has mandated that indigent parents whose parental rights have been
terminated receive the assistance of counsel on appeal. See id. If
appellate counsel appointed under family code section 263.405(e) seeks to
withdraw on the basis that the appeal lacks merit, counsel is faced with the
same dilemma as that recognized in Anders. Anders procedures
quintessentially apply when the legislature has mandated a statutory right to
counsel on appeal and that counsel concludes that the appeal lacks merit. As in
juvenile proceedings, applying Anders procedures to termination of
parental rights appeals effectuates the legislature's mandate in family code
section 263.405(e) and protects indigent parents' statutory right to counsel on
appeal.
We note that every court of appeals that
has addressed this issue has likewise concluded that Anders procedures
apply in termination of parental rights cases. See In re E.L.Y., 69
S.W.3d 838, 841 (Tex. App.--Waco 2002, order) ("[W]e hold that our Anders
procedures will apply in an appeal from a decree terminating parental rights in
which an indigent parent has court-appointed counsel who believes that the
appeal presents no issues 'which might arguably support an appeal.'"); In
re K.S.M., 61 S.W.3d 632, 634 (Tex. App.--Tyler 2001, no pet.) ("[W]e
hold that when appointed counsel represents an indigent client in a parental
termination appeal and concludes that there are no non-frivolous issues for
appeal, counsel may file an Anders-type brief."); In re A.W.T.,
61 S.W.3d 87, 88 (Tex. App.--Amarillo 2001, no pet.) (applying Anders
procedures to indigent's appeal from a decree terminating parental rights). We
hold that the Anders procedures apply to termination of parental rights
appeals like this one when court-appointed counsel has concluded that there are
no non-frivolous issues for appeal.
IV. Conclusion
Because we are not in a position to make
findings of fact regarding appellate counsel's attempts to notify Christina of
her conclusions that Christina's appeal is without merit and of Christina's
right under Anders to review the record and file a pro se brief, we
will abate this appeal and remand this cause to the trial court for a
determination of those issues. The trial court is instructed to comply with the
terms of our abatement order issued contemporaneously with this opinion.
 
                                                                               
SUE WALKER
                                                                               
JUSTICE
 
PANEL F: CAYCE, C.J.; DAY and WALKER, JJ.
[Delivered February 6, 2003]

1. 386 U.S. 738, 87 S. Ct. 1396 (1967).