

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00055-CV

_____

IN THE INTEREST OF A.P.M. AND A.M., CHILDREN

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV03353

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On August 6, 2015, in a proceeding brought by the Texas Department of Family and Protective Services, the trial court entered an order terminating the parent-child relationships between Father and Mother and their two children, A.P.M. and A.M.[1] Father and Mother, acting pro se, have filed a joint notice of appeal. At some point in the proceedings below, the trial court determined that both Father and Mother were indigent and appointed separate counsel for each. *See* TEX. FAM. CODE ANN. § 107.013 (West, Westlaw through end of 2015 Regular Sess.). Pursuant to Section 107.013, a parent who has been deemed indigent is presumed to remain so for purposes of appeal unless additional evidence is presented to the trial court and the court, after considering that evidence, determines that the parent is no longer indigent due to a material change in circumstances. *See* TEX. FAM. CODE ANN. § 107.013(e); *see also* TEX. R. APP. P. 20.1(a)(3). There is no indication in the clerk's record that the trial court reconsidered Father's or Mother's financial status and found either parent no longer indigent due to a "material and substantial change in . . . financial circumstances." TEX. FAM. CODE ANN. § 107.013(e).

If indigent in the trial court, and without a change of circumstances, both Father and Mother are entitled to proceed in this Court "without advance payment of costs." *See* TEX. R. APP. P. 20.1(a)(3) ("In a suit filed by a governmental entity in which termination of the parent-child relationship . . . is requested, a parent determined by the trial court to be indigent is presumed to

---

[1] In keeping with the spirit of Section 109.002(d) of the Texas Family Code and Rule 9.8 of the Texas Rules of Appellate Procedure and in an effort to protect the identity of the minor children who are the subject of this appeal, we will refer to the children by their initials and to the parents as Father and Mother. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8.

remain indigent for the duration of the suit and any subsequent appeal, as provided by section 107.013 of the Family Code, and may proceed without advance payment of costs."). Additionally, "an indigent parent" responding "in opposition to" a parental-rights termination suit filed by a governmental entity is entitled to an appointed attorney ad litem. TEX. FAM. CODE ANN. § 107.013(a)(1); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003).

Accordingly, we abate this appeal to the trial court for a hearing to determine whether Father and Mother remain indigent. If so, then the trial court is instructed (1) to appoint counsel to represent the interests of Father on appeal and (2) to appoint separate counsel to represent the interests of Mother on appeal. *See* TEX. FAM. CODE ANN. § 107.013(e); *In re P.M.H.*, No. 06-10-00008-CV, 2010 WL 1794390, at *1 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam).

The hearing should be conducted by the trial court within fifteen days of the date of this order. Appropriate orders and findings should be sent to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. Likewise, a supplemental reporter's record containing a transcription of the hearing should be filed with this Court within fifteen days of the date of the hearing.

Because this case involves an appeal from the termination of parental rights, this matter should be expedited at all levels, and appointed counsel should be prepared to pursue the appeal without further delay.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.

BY THE COURT

Date:   September 4, 2015