

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00102-CV

## EX PARTE N.C.

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26744**

# ORDER

On October 25, 2017 we dismissed N.C.'s appeal of the denial of an expunction order because there was no final appealable order to appeal. *Ex parte N.C.*, No. 10-14-00102-CV, 2017 Tex. App. LEXIS 9998 (Tex. App.—Waco Oct. 25, 2017, no pet. h.) (mem. op.). Based on the history of the proceeding, on remand from the Texas Supreme Court, the trial court had appointed N.C. an attorney. The appointed attorney filed a motion to withdraw and an *Anders*-type brief in support of the motion. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *Anders* is applicable in criminal cases when counsel is appointed to represent indigent persons. *Id*. It has been utilized in some civil proceedings when indigent persons are represented by appointed counsel. *See e.g.*, *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination

appeal). In the motion and brief in support of the motion to withdraw, the appointed attorney had otherwise complied with the *Anders* requirements; but we had to dismiss the appeal because there was no final appealable order. Thus, because we dismissed the appeal for lack of jurisdiction, rather than affirming the judgment for lack of a meritorious issue to appeal, we did not grant the appointed attorney's motion to withdraw. N.C. has now filed a pro se motion for extension of time to file a motion for rehearing. The initial question we face is whether we should allow N.C. to file a motion given that we did not grant his appointed counsel's motion to withdraw.

We believe that in the unusual circumstances of this appeal, it is appropriate for the Court to allow N.C. to file his own motion for rehearing, and thus appropriate for N.C. to file a motion for extension of time to file his motion for rehearing. N.C.'s motion for a 45 day extension of time to file a motion for rehearing is granted. N.C.'s motion for rehearing is due on December 27, 2017.

We warn N.C. that failure to timely file a motion for rehearing after being granted an extension to file it may create the situation where a subsequent petition for review cannot be timely filed because the timeliness of the petition for review is determined by a date after which the opinion is issued or the last timely filed motion for rehearing is denied. TEX. R. APP. P. 53.7.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Motion granted
Order issued and filed November 15, 2017