

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00306-CV
### No. 10-18-00307-CV

## IN THE INTEREST OF A.K. AND A.J., CHILDREN
## IN THE INTEREST OF A.J., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2017-618-3
Trial Court No. 2017-1187-3**

## MEMORANDUM OPINION

Brandon J. appeals from two judgments that terminated the parent-child relationship between him and his children, A.J. and A.J.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West 2014).  Brandon's appointed counsel has filed a motion to withdraw and an *Anders* brief in each appeal asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  The procedures set forth in *Anders v. California* are applicable to appeals of judgments that terminate

---

[1] Cause No. 10-18-00306-CV involved the termination of parental rights as to two children, A.K. and A.J. Brandon is the father of A.J. only.  The children's mother and the father of A.K. did not appeal this decision.

parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised Brandon that counsel had filed the brief in each proceeding pursuant to *Anders* and that Brandon had the right to review the record and file pro se responses on his own behalf. Counsel also provided Brandon with a copy of the record in each proceeding. Brandon did file a response with this Court, asking that the children be placed with his mother and complaining of ineffective assistance of counsel.

Counsel included a recitation of the facts in the *Anders* briefs and asserted that he had reviewed the record for any potentially meritorious issues, and determined there are no non-frivolous issues to raise in these appeals. Counsel's briefs discuss the sufficiency of the evidence relating to the two grounds on which the termination was granted as well as the best interest of the children. Counsel's briefs evidence a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812-813 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also In re G.P.*, 535 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed in each proceeding the entire record and the *Anders* brief, as well as the issues raised in Brandon's response, we have determined that the appeals are frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's judgments.

Counsel has filed a motion to withdraw in each proceeding as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In the Interest of P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, *7-8 (Tex. Apr. 1, 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside of the filing of the *Anders* briefs in his motions to withdraw. We will deny the motions to withdraw in these proceedings. Consequently, if Brandon desire to file petitions for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

CONCLUSION

Having found no meritorious issues presented in these appeals, we affirm the

judgments of the trial court. We deny counsel's motions to withdraw.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Senior Justice Scoggins[2]
Affirmed; Motions to withdraw denied
Opinion delivered and filed February 13, 2019
[CV06]



---

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).