

IN THE
TENTH COURT OF APPEALS

No. 10-18-00320-CV

IN THE INTEREST OF D.J.C., A CHILD

From the 74th District Court
McLennan County, Texas
Trial Court No. 2017-3406-3

MEMORANDUM OPINION

Kristy S. appeals from a judgment that terminated the parent-child relationship between her and D.J.C. In presenting this appeal, counsel for Kristy filed a brief pursuant to *Anders v. California* asserting that he has conducted a review of the record and found no arguable issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm.

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin

2005, pet. denied). Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). The brief filed meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, Kristy's attorney advised her that he had filed the brief pursuant to *Anders*, that Kristy had the right to review the record and file a pro se response on her own behalf, and provided Kristy with a copy of the record. Although given the opportunity, Kristy did not file a response with this Court.

The order of termination recites that Kristy:

knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child pursuant to § 161.001 (b) (1) (D), Texas Family Code;

engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the children, pursuant to § 161.001 (b) (1) (E), Texas Family Code;

constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months and: (1) the Department has made reasonable efforts to return the child to the mother; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the mother has demonstrated an inability to provide the child with a safe environment, pursuant to § 161.001 (b) (1) (N), Texas Family Code;

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), and (N) (West 2014).

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the child's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the child. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination for Kristy.

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluation that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the parent-child relationship was in the best interest of D.J.C.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

If Kristy, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[1]  *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).


AL SCOGGINS
Senior Justice

Before Chief Justice Gray,
        Justice Davis, and
        Senior Justice Scoggins[2]
Affirmed
Opinion delivered and filed February 20, 2019
[CV06]



---

[1] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* Tex. Gov't Code Ann. §§ 74.003, 75.002, 75.003 (West 2013).