

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00306-CV

## IN THE INTEREST OF C.G. AND R.G., CHILDREN

**From the 87th District Court
Freestone County, Texas
Trial Court No. CV-18-346-B**

## MEMORANDUM  OPINION

Adrian G. and Michelle G. appeal from a judgment that terminated the parent-child relationship between them and their children, C.G. and R.G.  In presenting this appeal, counsel for Adrian and counsel for Michelle each filed a brief pursuant to *Anders v. California* asserting that they have conducted a review of the record and found no arguable issues to raise on appeal.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  We affirm.

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights.  *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals).  *See also Taylor v.*

*Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin 2005, pet. denied). Counsel for both Adrian and Michelle certify that they have diligently researched the law applicable to the facts and issues and each candidly discusses why the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Each of the briefs filed meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, Adrian's attorney advised him that he had filed the brief pursuant to *Anders*, that Adrian had the right to review the record and file a pro se response on his own behalf, and provided Adrian with a copy of the record. Although given the opportunity, Adrian did not file a response with this Court. Michelle's attorney also advised her that she had filed the brief pursuant to *Anders*, that Michelle had the right to review the record and file a pro se response on her own behalf, and provided Michelle with a copy of the record. Although given the opportunity, Michelle did not file a response with this Court.

The order of termination recites that both Adrian and Michelle:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children pursuant to § 161.001 (b) (1) (D), Texas Family Code;

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, pursuant to § 161.001 (b) (1) (E), Texas Family Code;

failed to comply with the provisions of a court order that specifically established the actions necessary for the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children, pursuant to § 161.001 (b) (1) (O), Texas Family Code;

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), and (O) (West 2014).

In the *Anders* brief, counsel for both Adrian and Michelle analyze the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the children. Counsels' briefs evidence a professional evaluation of the record for error, and we conclude that both counsel performed the duties required of an appointed counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination for both Adrian and Michelle[1].

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsels' evaluations that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have

---

[1] In this proceeding the appellants did not challenge subsection 161.001(b)(1)(D) or (E). Therefore the Texas Supreme Court's recent decision in *In The Interest of N.G.*, 57 S.W.3d 230 (Tex. 2019) does not require us to review those grounds for termination. *See In The Interest of E.K.*, No. 10-19-00070-CV, 2019 WL 3489132 (Tex. App.—Waco July 31, 2019, pet. filed)(memorandum opinion not designated for publication).

determined that termination of the parent-child relationship was in the best interest of C.G. and R.G.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record and counsels' briefs, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

If Adrian or Michelle, after consulting with counsel, desire to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[2] *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).


JOHN E. NEILL
Justice

---

[2] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

Before Chief Justice Gray,
Justice Davis, and
Justice Neill
Affirmed
Opinion delivered and filed November 27, 2019
[CV06]

