

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00077-CV

## IN THE INTEREST OF A.L.A., N.B.A., AND J.R.R., CHILDREN

### From the 170th District Court
### McLennan County, Texas
### Trial Court No. 2020-214-3

## MEMORANDUM OPINION

After Appellant's parental rights to her children, A.L.A., N.B.A., and J.R.R., were terminated following a bench trial,[1] Appellant's appellate counsel filed a notice of appeal.[2] Appellant's counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), (N), and (O) and that termination was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of N.B.A.'s father and J.R.R.'s father were also terminated, and A.L.A.'s father was appointed possessory conservator of A.L.A., but none has appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) personally delivered a copy of the brief and the appellate record to Appellant. By letter sent to her last known address, we informed Appellant of her right to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant has not filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005)

("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Although Appellant's counsel has asserted, and we agree, that there is no reversible error in the trial court's order of termination, *see In re T.N.F.*, 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied) ("If multiple predicate violations under [sub]section 161.001[(b)](1) were found in the trial court, we will affirm based on any one ground because only one predicate violation under [sub]section 161.001[(b)](1) is necessary to a termination judgment."), *overruled in part on other grounds by In re A.M.*, 385 S.W.3d 74, 79 (Tex. App.—Waco 2012, pet. denied), Appellant's counsel states that he nevertheless believes nonfrivolous arguments exist that would negate the trial court's findings under subsections 161.001(b)(1)(D), (E), and (N). More specifically, Appellant's counsel contends that the Department of Family and Protective Services (the Department) presented only hearsay testimony to support those allegations.

Pursuant to *In re N.G.*, 577 S.W.3d 230 (Tex. 2019) (per curiam), we review the trial court's findings under subsections 161.001(b)(1)(D) or (E) when challenged. *Id.* at 237. This is so because of the potential future consequences to a parent's parental rights concerning other children the parent may have. *Id.*; *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(M).

Here, unobjected-to testimony indicated that Appellant had been incarcerated for a time in 2016. *See In re M.R.J.M.*, 280 S.W.3d 494, 503 (Tex. App.—Fort Worth 2009, no

pet.) ("While imprisonment alone is not a basis to terminate a parent's rights, it is an appropriate factor to consider because when a parent is incarcerated, he or she is absent from the child's daily life and unable to provide support to the child, negatively impacting the child's living environment and emotional well-being."). Additional unobjected-to testimony established that while Appellant was incarcerated, the children had been with their maternal grandmother, who has a history of drug use. In fact, Appellant, as a child, had been removed from her mother's care because of her mother's drug use.

An investigation supervisor for the Department further testified that in March 2020, when the Department notified Appellant that it was going to remove the children from her because she and all three children had tested positive for methamphetamines, Appellant "freaked out and ran." Appellant's counsel initially objected to the testimony that Appellant and the three children had tested positive for methamphetamines, arguing that it was hearsay; however, Appellant's counsel stated that he would withdraw the objection because the testimony was not being offered for the truth of the matter asserted. *See* TEX. R. EVID. 801(d), 802. The supervisor then testified that because the Department was unable to locate the children, the children were placed on the Amber Alert system. The supervisor testified that she received a call at about 3 a.m. that law enforcement had located Appellant and the children. When the supervisor arrived at the location, she observed the children in the back of a vehicle. The supervisor stated that the children were "filthy from head to toe" and "were not dressed appropriately for the weather." The supervisor also testified that the baby's diaper "was completely soaked through"

because it had not been changed for the entire time that Appellant had been running from the Department, which was approximately forty-eight to fifty-two hours.

Considering the foregoing, we conclude that the evidence is sufficient to establish that Appellant violated subsections 161.001(b)(1)(D) and (E). *See In re J.F.C.*, 96 S.W.3d 256, 264–68 (Tex. 2002) (discussing legal sufficiency review); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review). We affirm the trial court's order of termination.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed September 22, 2021
[CV06]

