

**IN THE
TENTH COURT OF APPEALS**

**No. 10-22-00208-CV**

**IN THE INTEREST OF L.S., A CHILD**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 21-001358-CV-361**

## MEMORANDUM OPINION

Mother appeals from the trial court's order terminating her parental rights to L.S. After hearing all the evidence, the trial court found by clear and convincing evidence that Mother (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child, (3) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for Mother to obtain the return of the child. TEX. FAM.

CODE ANN. § 161.001 (b) (1) (D) (E) (N) (O) (West). The trial court further found by clear and convincing evidence that termination was in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West). We affirm.

Mother's counsel filed a brief pursuant to *Anders v. California* asserting that he has conducted a review of the record and found no arguable issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin 2005, pet. denied).

The brief filed meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, Mother's attorney advised her that he had filed the brief pursuant to *Anders* and that Mother had the right to review the record and file a pro se response on her own behalf. Mother did not file a response.

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the child. Counsel's brief evidences a

professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appellate counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination under Section 161.001(b)(1).

Notwithstanding the sufficiency of the evidence to support termination under section 161.001 (b) (1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001 (b) (2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluation that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the trial court to have determined that termination of Mother's parent-child relationship was in the best interest of L.S.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also Interest of E.K.*, 594 S.W.3d 435, 438 (Tex. App. — Waco 2019) (Gray, C.J., concurring), *pet. den'd*, 608 S.W.3d 815 (Tex. 2020). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

If Mother, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[1] *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

STEVE SMITH
Justice

---

[1] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed September 28, 2022
[CV06]

