

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-24-00164-CV**

**IN THE INTEREST OF J.R.B. AND R.R.C., CHILDREN,**

_____

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. FM07022**

_____

## DISSENTING OPINION

_____

The dismissal of this appeal is, at best, premature. At worst, it deprives the children the subject of the case of the benefit of a proper review of what is in their best interest.

This is an appeal of an order that, among other things, terminated the parental rights existing between a mother and her children. The mother/appellant died after entry of the order and before we had issued an opinion in the appeal. The notice of appeal was timely filed, and we have the authority to "proceed to adjudicate the appeal as if all parties were alive." TEX. R. APP. P. 7.1(a)(1).

The death of the mother was first brought to our attention by the court reporter, because she did not know if she should complete her portion of the appellate record. The record was not complete when we learned of the death of the mother. We do not know if the issues raised on appeal are moot because we do not know what the issues are. The briefs with the issues therein are not yet filed.

Instead of proceeding with the appeal as provided by the rules when a party dies during the pendency of the appeal, the Court sent a notice questioning the Court's jurisdiction. TEX. R. APP. P. 42.3. In the notice, the Court stated, "The death of a party sometimes moots an appeal[]" and cited to "*Interest of S.R.F.*, No. 04-21-00049-CV, 2021 WL 3742680, at 2 (Tex. App.—San Antonio Aug. 25, 2021, pet. denied)." It appears we notified four different persons representing the government, and the attorney representing the mother on appeal, but only "cc'd" the attorney appointed to represent the children, and did not notify the terminated fathers, or the intervenors.

The deceased mother responded through her attorney. Counsel asked that the appeal continue. Counsel specifically argues that the trial court improperly allowed the foster parents seeking adoption to intervene. The alleged improper intervention was the subject of an earlier mandamus proceeding which was summarily denied.[1] *In re Craig*, No. 10-24-00118-CV, 2024 Tex. App. LEXIS 2987 (Tex. App.—Waco Apr. 30, 2024, orig. proceeding). Further, counsel argues that the adoption proceedings were commenced too late to be proper or relevant to the trial regarding termination. Finally, counsel states

---

[1] It makes one wonder if the reason it was summarily denied was because there was an adequate remedy by appeal because the trial would be over before the mandamus could be ruled upon.

that the maternal grandmother is ready to continue the appeal.

The Court divides the issues for this appeal into two parts; personal rights and property rights. The Court states that "A party's death moots an appeal as to the merits of personal rights but not as to property rights." After listing counsel's reasons for continuing the appeal, the Court summarily dismisses the response to the letter questioning our jurisdiction as "[n]one of the provided reasons for continuing the appeal address property rights." The Court then holds that "any action by this Court on the merits of this appeal would affect only personal rights."

My response is to ask how does the Court know? We have seen no issues on appeal. No briefs have been filed. If mother's appellate counsel had said in her brief on appeal that there is no meritorious issue, we still would have been obligated to review the entire record to determine if we agreed. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In the Interest of P.M.*, 520 S.W.3d 24, 27 n. 10 (Tex. 2016); *In the Interest of E.L.Y.*, 69 S.W.3d 838 (Tex. App.—Waco 2002, order). But instead, the Court here simply dismisses the appeal without even a cursory review of the record.

Whether the termination order is proper has consequences. There is the fundamental issue of whether the children's *mother* died, or if the person who gave birth to them was essentially a legal stranger to them because her parental rights had been terminated. If their *mother* died, there could be a host of legal consequences including benefits to which they might be entitled by insurance, government programs, or charities. We do not know what those consequences are. We have not given the parties the opportunity to make those issues into legal arguments. Moreover, there are other issues

that will arise if the termination order is reversed because it was improper. The reversal clearly would not change the death of the mother, but it would impact who has standing to appear in a suit to determine the best interest of what would then be orphaned children (one parent being deceased and the other parents having died by judicial decree).

I am not a fan of addressing issues in an appeal because of the collateral consequences of some facet of the facts or law that may arise in the future in other proceedings. *See e.g. In the Interest of N.G.*, 577 S.W.3d 230 (Tex. 2019). But the Supreme Court of Texas has determined that some collateral consequences are of such a nature as to require review in the appeal of the proceeding then before the court because of their impact on other legal issues that may arise in the future. *Id.* at 227. And I am not here advocating that we should decide additional issues because of collateral consequences. How the mother's death will impact the future legal rights of the children is not an issue that we need to decide, and those issues have not been evaluated or briefed by the appointed attorney for the mother, the State, counsel appointed to represent the interest of the children, or the intervenors. But the possibility of such issues being raised in future legal proceedings is adequate to allow the appeal to proceed to determine if the termination order was proper and, thus, whether the appellant died as a mother or a stranger to these children.

Finally, if the death of the mother of these children does legally moot the appeal, the Court errs in failing to vacate the trial court's orders. Under the Court's analysis and holding, the death has rendered the *case* moot, not some specific currently unbriefed issue. The Supreme Court of Texas has told us that if a subsequent event renders a case

moot, the proper appellate judgment is to vacate the trial court's orders and dismiss the case. *Alsobrook v. MTGLQ Inv'rs, LP*, 656 S.W.3d 394, 396 (Tex. 2022). We have no authority to dismiss an appeal and affirm the trial court's judgment. *See Tex. Dep't of Family & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) ("When a case becomes moot on appeal, a court must vacate any previously issued order or judgment associated with it.").

It is ironic that the legal issues that are central to this situation are currently pending before the Supreme Court of Texas in a case arising from the same court as the one cited in our notice questioning our jurisdiction. *See In re Marriage of Benavides*, No. 04-20-00599-CV, 2023 Tex. App. LEXIS 779 (Tex. App.—San Antonio Feb. 8, 2023, pet. granted)(PR No. 23-0463). In that case, there is $32,000,000 on the line over whether or not the appellant is a widow or a divorcee. In that case, the issues have been exhaustively briefed, and oral argument has been set for September 10, 2024. Hopefully, the facts of this case can be brought to the attention of the Supreme Court of Texas so that the Justices can consider the impact of their holding regarding the nature of appellate jurisdiction and relief when a party dies pending the appeal and can thus clarify the law so that parties can approach the resolution in their case with clarity, predictability, and certainty that only the Supreme Court of Texas can provide.

I would allow the appeal to proceed, after giving notice to the attorney ad litem, the fathers, and the intervenors of the pendency of the appeal and the need to evaluate the merits of the appeal and best interest of the children. Because the Court dismisses this appeal without a proper evaluation of the issues, without a full development of those

In the Interest of J.R.B. and R.R.C. Page 5

issues, and without vacating the trial court's orders, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 29, 2024.

