# Court of Appeals
## Tenth Appellate District of Texas

---

10-26-00024-CV

In the Interest of Baby Boy T

---

10-26-00025-CV

In the Interest of L.B., S.B., and B.B.

---

On appeal from the
361st District Court of Brazos County, Texas
Judge Andrea L. James, presiding
Trial Court Cause Nos. 24-003574-CV-361 and 24-003010-CV-361

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Father filed a notice of appeal from the trial court's order terminating his parental rights to L.B., S.B., B.B., and B.B.T.[1] Counsel for Father has now filed an *Anders* brief, asserting that they diligently reviewed the record and that, in their opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838,

---

[1] The trial court found by clear and convincing evidence that Father had violated Family Code subsection 161.001(b)(1)(D) and (E) and that termination was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1).

841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has further informed us that he has served Appellant with a copy of his *Anders* brief, informed Appellant of her right to review the appellate record and to file a pro se response, and provided Appellant with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) ; *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. By letter, we also informed Father of his right to review the record and to file a *pro se* response. He filed a *pro se* response, which we considered.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005)

---

[2] Counsel reviewed the sufficiency of the evidence supporting the trial court's findings as to Father under Family Code subsections 161.001(b)(1)(D) and (E) and determined that it would be frivolous to attack the findings. We also conclude that the evidence is sufficient to establish that Father violated subsections (D) and (E). *See In re N.G.*, 577 S.W.3d 230, 232–33, 237 (Tex. 2019) (per curiam) (holding due process and due course of law requirements mandate appellate court detail its analysis if appellate court affirms termination on either subsection (D) or (E)). Many factors can support an endangerment finding, including a parent's failure to complete a court-ordered service plan, missed visits with the child, and conduct that generally subjects a child to a life of instability and uncertainty. *In re A.R.M.*, 593 S.W.3d 358, 371-372 (Tex. App.—Dallas 2018, pet. denied). Because the evidence is interrelated concerning these two statutory grounds for termination, we consolidate our examination of the evidence as to both grounds. *In re K.A.S.*, 131 S.W.3d 215, 222 (Tex. App.—Fort Worth 2004, pet. denied). The record here shows that the Department initially became involved due to allegations of physical abuse of eight-year-old Z.T. (not subject of this appeal) by Father and Mother. The allegations included observations of scarring on Z.T.s arms and legs, fifty-two documented bruises all over Z.T.'s body including on her labia, marks on Z.T.'s wrist and ankles consistent with restraint by zip ties that remained visible throughout the life of the case, and a loop shaped mark on Z.T.s lower back. Father did not deny the abuse, but merely stated the abuse was discipline and that he had video evidence to support this, but never provided such evidence. Father also made allegations of Z.T.'s inappropriate sexual behavior towards the children, but the Department expressed concern that these allegations were not made until after Father and Mother were arrested. The record shows the other children were in the home when the abuse took place. B.B.T. was born after the initial case was opened and was removed at birth because of the ongoing concerns from the initial case, bond conditions which prevent Father and Mother from being around children, failure to commence services in the initial case, and a failure to take accountability. After removal, the record shows that all the children were placed with their maternal grandmother and their needs were being met. The Department planned for L.B., S.B., B.B., and B.B.T. to be adopted by the maternal grandparents, which would allow permanency, stability, and for the children to remain together. The record shows that while Father completed services, he did not acknowledge responsibility, he had not fully addressed the concerns in therapy, and no therapist had recommended reunification.

("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Counsel has filed a motion to withdraw in each case as was historically required to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Family Code. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside the filing of the *Anders* brief in his motion to withdraw. We will therefore deny the motions to withdraw. Consequently, if Appellant desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*; *see also* TEX. FAM. CODE ANN. § 107.016.

In light of the foregoing, we affirm the trial court's order of termination.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  April 30, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Motions denied
CV06

